**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KAREN EVANGELISTA,
Trustee of the Chapter 7             CIVIL ACTION NO. 9-CV-12531
Bankruptcy Estate of Turchan
Technologies Group, Inc.,            DISTRICT JUDGE ARTHUR J. TARNOW

  Plaintiff,                          MAGISTRATE JUDGE MONA K. MAJZOUB

  vs.

SPARTAN LIGHT METAL
PRODUCTS, INC.,

  Defendant.
_____/

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL (DOCKET NO. 20)

This matter comes before the Court on Defendant's Motion To Compel filed on November 22, 2010. (Docket no. 20). Plaintiff filed a Response on December 6, 2010. (Docket no. 21). Defendant filed a Reply on December 15, 2010. (Docket no. 23). The parties filed a Joint Statement of Unresolved Issues on January 31, 2011. (Docket nos. 26). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 22). The Court dispenses with oral argument. The matter being fully briefed, the motion is ready for ruling.

Plaintiff Turchan Technologies Group, Inc.[1] provided machining services for the automotive industry. Defendant is a Tier 1 automotive supplier. (Docket no. 1 ¶ 10). Plaintiff Turchan alleges

---

[1] According to Plaintiff, on December 22, 2010, Plaintiff Turchan's Chapter 11 bankruptcy proceeding was converted to a Chapter 7 proceeding. *In re Turchan Technologies Group, Inc.*, Case No. 09-67671 (U.S. Bankruptcy Court, E.D. Mich.). Plaintiff Karen E. Evangelista was appointed as trustee over Plaintiff's Turchan's estate and, according to Plaintiff, is now the real party in interest on behalf of the bankruptcy estate. (Docket no. 26).

that in early 2006 it had an agreement to provide machining/tooling services to Defendant for a General Motors' (GM) program. Plaintiff Turchan alleges that it proceeded pursuant to the contract until Spartan terminated via email in August 2008. (Docket no. 1 ¶ 24, 25). Plaintiff brings claims for breach of contract, promissory estoppel, declaratory judgment, and fraud and/or misrepresentation. Plaintiff alleges that Defendant should have known before and after issuance of the No. 9766 Purchase Order that GM would terminate the program prior to its anticipated four-year life span. (Docket no. 1 ¶ 22, 26).

**I.     Discussion**

Defendant filed this motion asking the Court to compel Plaintiff Turchan to answer Defendant's Interrogatory Nos. 11, 17, 19-22 and Document Request Nos. 5, 11-20, 22 and 27-29. (Docket no. 20). Plaintiff correctly points out in the Joint Statement that Defendant raises issues in the Joint Statement that are not the subject of Defendant's Motion to Compel, including documents related to the deposition of Kurt Murphy. To the extent the documents identified by Mr. Murphy are *not* included in the issues raised in Defendant's original Motion to Compel, they are not within the scope of this motion.

According to the Joint Statement the remaining issues are Plaintiff's answer to Interrogatory No. 22, and a list of documents which Defendant argues have not yet been produced and were specifically outlined in Defendant's Reply. Defendant has not identified by number in the Joint Statement the specific document requests which remain at issue. The Court will use those specific Document Requests identified by number in the original Motion to Compel and Reply as guidance.

Interrogatory No. 22 asks "[w]hat were Turchan's profits for services performed under the "Turchan Contract" for years 2006, 2007 and 2008." Plaintiff's answer appears to be non-

2

responsive where Plaintiff identified a document described as "a very preliminary itemization and assessment of TTG's damages that will be support in this matter by expert witness testimony. This document is <u>not</u> intended to be TTG's final damages analysis and is subject to amendment and revision . . . ." (Docket no. 20-1). Plaintiff's Supplemental Answer is similarly not responsive. (Docket no. 21-1). The Interrogatory seeks relevant information. Fed. R. Civ. P. 26(b)(1). The Court will order Plaintiff to answer the interrogatory in full with profits for services rendered under the Turchan contract specified for each of the years in question.

Defendant's Reply brief contains a summary of documents which Defendant alleges were requested yet not produced and it appears that the Document Requests remaining at issue in Defendant's Reply and the Joint Statement are Document Request Nos. 11, 12, 13, 15, 16, 19, 20 22 and 27. (Docket nos. 23, 26). The Court has considered Defendant's Requests to Produce and Plaintiff's responses. Defendant's Reply and Joint Statement seek, in part, documents outside the scope of the original request. For example, Defendant's Reply item numbered 16 asked for "reports concerning machine hours per shift or day that were dedicated to the Work, and the downtime incurred for repairs or maintenance" and by footnote indicates that such documents were requested by Document Request Nos. 12 and 13 (Docket no. 23 n. 15). Document Requests No. 12 asks for "all annual financial statements and tax returns (including all schedules) of Plaintiff for 2005, 2006, 2007, 2008 and 2009." Document Request No. 13 seeks "all documents reflecting Plaintiff's monthly and annual unit and dollar sales, such as sales journal/ledger reports from January 1, 2005 to December 31, 2009 for services performed under the "Turchan Contract," respectively. (Docket no. 20-1). Defendant seeks to rewrite its discovery by way of its Reply to its Motion to Compel. Defendant's Reply Item No. 17 suffers the same deficiency. Defendant's Reply item no. 21 seeks

"Information concerning Turchan employees terminated after Spartan ceased the Work" and references Document Request No. 27, which asked Plaintiff to "[p]roduce all documents indicating increased or decreased costs or extra expenses to Turchan due to Spartan's alleged breach, such as payroll records, business expense reports, time reports, and invoices." (Docket nos. 23 p. 3, 20-1). Defendant's new request in the Reply for "information" concerning terminated employees is vague and outside the scope of Document Request No. 27 to the extent it seeks something other than the requested payroll records. Defendant's Reply Item No. 15 asks for "[q]uarterly or other periodic statements for 2006, 2007 and 2008" despite referencing Document Request No. 12 (docket no. 23 n.14), which asks for "all *annual* financial statements and tax returns . . . ."

Aside from the duty to supplement pursuant to Fed. R. Civ. P. 26, discovery requests should not a moving target. The Court will order Plaintiff to produce the 2008 annual financial statements and tax returns with schedules in response to Document Request No. 12 and deny Defendant's Motion To Compel with respect to the remainder of Document Request No. 12 and Document Requests Nos. 13 and 27.

Pursuant to Fed. R. Civ. P., a party may serve a request "to produce and permit the requesting party or its representative to inspect, copy, test, or sample," items including documents or electronically stored information that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Rule 34 requires that in responding to a request to produce documents, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2).

4

Plaintiff provided a boilerplate objection to Request for Production nos. 11-13, 15 and 16, 19, 20 and 22 and 27 that the requests exceed the scope of Rule 26 and are harassing, oppressive and overly broad. Plaintiff later supplemented its responses. (Docket no. 21-1).

With respect to the remaining Document Requests at issue, Plaintiff argues in the Joint Statement that some of Defendant's Document Requests ask for customized reports and documents that are not ordinarily maintained in the ordinary course of business. Plaintiff argues that Turchan was a small family run supplier and "did not maintain a sophisticated accounting system." (Docket no. 26 p. 6). Defendant's Motion to Compel, Reply and Joint Statement are unclear in what Document Requests remain at issue and in many instances seek documents beyond the scope of the original Document Requests. Plaintiff's Responses and the Supplemental Answers and Objections (Docket no. 21-1) continue to be insufficient yet Plaintiff has provided further responsive detail in the Joint Statement. The Court will order Plaintiff to serve an *amended* Response to Defendant's Document Request Nos. 11, 15, 16, 19, 20, and 27 to respond in full to each request and include the further explanatory detail that was in included in the Joint Statement. Plaintiff's amended Response should state which responsive documents it has, including identifying them by Bates number(s) and if Plaintiff does not have a document/item or documents in its possession, custody or control, it shall so state concisely in its Response. The Court will order Plaintiff to produce any and all responsive documents on or before July 1, 2011.

The Court will make no award of attorneys fees in either of this matter where Defendant expanded its Motion beyond the scope of its own discovery requests and some of Plaintiff's answers, responses and objections did not comply with the requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

**IT IS THEREFORE ORDERED** that Defendant's Motion To Compel (docket no. 20) is GRANTED in part as follows and on or before July 1, 2011:

1. Plaintiff will serve an amended answer to Interrogatory No. 22;

2. Plaintiff will produce annual financial statements and tax returns (including all schedules) for 2008 in response to Document Request No. 12;

3. Plaintiff will serve amended Responses to Document Request Nos. 11, 15, 16, 19, 20 and 22;

4. Plaintiff will produce all outstanding responsive documents.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion To Compel (docket no. 20) is DENIED in part as set forth above with respect to Document Request Nos. 12, 13 and 27.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 21, 2011            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 21, 2011            s/ Lisa C. Bartlett
                                Case Manager